UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-299 (MJD/LIB)

UNITED STATES OF AMERICA,

        Plaintiff,              **PLEA AGREEMENT AND
                                       SENTENCING STIPULATIONS**

v.

ETHAN MARK DANIELSON,

        Defendant.

The United States of America and the defendant, Ethan Mark Danielson, agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

    1.    **Charges**. The defendant agrees to plead guilty to Count Two of the Indictment, which charges the defendant with possessing an unregistered short-barreled rifle, in violation of 26 U.S.C. § 5861(d). The defendant fully understands the nature and elements of the crime with which he has been charged.

Upon imposition of sentence, if there are remaining counts, the government agrees to move to dismiss those remaining charges against the defendant contained in the Indictment.

    2.    **Factual Basis**. The defendant is pleading guilty because he is in fact guilty of Count Two of the Indictment. In pleading guilty, the defendant admits the

1



following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

On August 19, 2022, in the State and District of Minnesota, the defendant, an unlawful user of a controlled substance (methamphetamine), knowingly possessed two unregistered short-barreled rifles, each with a barrel length of less than 16 inches. Specifically, on that day, law enforcement executed a search warrant at the defendant's residence in Audubon, Minnesota. Prior to the search warrant, law enforcement had purchased from the defendant, through a confidential informant, four unregistered silencer devices.

In executing the search warrant on August 19, 2022, law enforcement found approximately 20 firearms on the defendant's property. Of those, at least two were privately made short-barreled rifles, as described below:

(1) short-barreled rifle with barrel length of approximately 10 inches (Faxon brand upper receiver and barrel guard); and

(2) short-barreled rifle with barrel length of approximately 11 inches (green lower receiver, winter camo-colored stock, and black upper receiver).

The defendant admits and agrees that he knowingly possessed the above-described short-barreled rifles on August 19, 2022, that he knew the barrels were less than 16 inches in length, that both rifles were in operating condition, and that neither rifle was registered to him under the National Firearms Registration and Transfer Record. The defendant further stipulates and agrees that he acted voluntarily in possessing those firearms, and that he knew his actions violated the law.

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that the defendant has certain rights to file pre-trial motions. As part of this plea agreement and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences**. The defendant understands that because of his conviction, he could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If the defendant is not a United States citizen, as a result of a plea of guilty, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant has discussed with his attorney the punishments and consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

6. **Statutory Penalties**. The defendant understands that Count Two of the Indictment, charging Possession of an Unregistered Short-Barreled Rifle, in violation of 26 U.S.C. § 5861(d), is a felony offense that carries the following statutory penalties:

   a. a maximum of 10 years in prison;

   b. a supervised release term of up to 3 years;

   c. a maximum fine of $10,000; and

   d. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A).

7. **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the

4

appropriate sentence and stipulate to the following guidelines calculations. The parties stipulate to the following guidelines calculations:

    a. <u>Base Offense Level</u>. The parties agree that, because the offense involved a firearm that is described in 26 U.S.C. § 5845(a), and the defendant was a prohibited person when he committed the instant offense, the base offense level is **20**. U.S.S.G. § 2K2.1(a)(4)(B).

    b. <u>Specific Offense Characteristics</u>. The government believes that the offense level should be increased by **4 levels** because the offense involved 8-24 firearms (as defined in 18 U.S.C. § 921(a)(3)). U.S.S.G. § 2K2.1(b)(1)(A). The defendant disagrees and reserves the right to challenge any such enhancement. The defendant also reserves the right to argue that possession of the non-NFA firearms and the sale of the silencer devices do not constitute relevant conduct under U.S.S.G. § 1B1.3 for purposes of calculating the offense level.

    The parties agree that no other specific offense characteristics apply.

    c. <u>Chapter 3 Adjustments</u>. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

    d. <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a **2-level reduction** for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of his intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional **1-level reduction** pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report.

e.     Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into **Criminal History Category I.** U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

f.     Guidelines Range. If the adjusted offense level is 21, and the criminal history category is I, the Sentencing Guidelines range is **37 to 46 months of imprisonment**. If the adjusted offense level is 17, and the criminal history category is I, the Sentencing Guidelines range is **24 to 30 months of imprisonment.**

g.     Fine Range. If the adjusted offense level is either 21 or 17, the Sentencing Guidelines fine is $10,000, the statutory maximum amount. U.S.S.G. § 5E1.2(c).

h.     Supervised Release. The Sentencing Guidelines' term of supervised release is 1 to 3 years. U.S.S.G. § 5D1.2.

8.     **Revocation of Supervised Release.** The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

6

9. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory, and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also vary and/or depart from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate, except that the government agrees to cap its recommendation at the low end of the Guidelines' range determined by the Court. The parties reserve the right to make motions for departures under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a), and to oppose any such motion. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

11. **Breach of Agreement**. In the event the defendant violates or breaches any of the terms of the plea agreement, the government will be released from its obligations under this agreement and in its sole discretion may move to set aside the defendant's guilty plea and proceed on charges previously filed and any additional charges, use against the defendant any statements or information the defendant

7

provided during the course of this prosecution, may use the defendant's plea of guilty and this agreement in any cross-examination of the defendant at trial, and seek additional charges based on false statements, perjury, obstruction of justice, or any other criminal acts committed by the defendant.

12. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

13. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate his ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

14. **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), any firearms involved in any violation of the National Firearms Act, including, but not limited to, the following firearm(s): (1) short-barreled rifle with barrel length of approximately 10 inches (Faxon brand upper receiver and barrel guard); and (2) short-barreled rifle with barrel length of approximately 11 inches (green lower receiver, winter camo-colored stock, and black upper receiver), both of which the parties understand have been forfeited administratively.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal, or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the firearms and ammunition.

15. **Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to: the defendant's waiver of the right to appeal guilt or innocence, any issues relating to the negotiation, taking or acceptance of the guilty plea, the sentence imposed or any issues that relate to the calculation of the Guidelines range, the supervised-release term and conditions imposed, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above 30 months.

The defendant also waives the right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. If the defendant makes a claim of ineffective assistance of counsel, the defendant will waive any claim of attorney/client privilege arising from counsel's representation. In addition, this collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court or Eighth Circuit case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal. The defendant explicitly reserves the right to challenge his conviction should the Supreme Court or Eighth Circuit hold that the statute of conviction, 26 U.S.C. § 5861(d), is unconstitutional.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below 24 months.

16.   **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

17. **Complete Agreement.** This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. By signing this plea agreement, the defendant acknowledges: a) that the defendant has read the entire agreement and has reviewed every part of it with the defendant's counsel; b) that the defendant fully understands this plea agreement; c) that no promises, agreements, understandings, or conditions have been made or entered into in connection with his decision to plead guilty, except those set forth in this plea agreement; d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and, f) that the defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

ANDREW M. LUGER
United States Attorney

Date: 12/19/23

BY: *Lauren O. Roso*
Lauren O. Roso
Assistant United States Attorney

Date: 12/19/23

*Ethan Danielson*
Ethan Mark Danielson
Defendant

Date: 12/19/2023

*Lynne Torgerson*
Lynne Torgerson, Esq.
Counsel for Defendant